**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**(Lynchburg Division)**

| | |
|---|---|
| IN RE:<br>CHARLES EDWIN EDWARDS<br><br>Debtor | CASE NO. 21-61321<br><br>CHAPTER 13 |
| JOYCE NEWTON EDWARDS<br>   Movant<br>v.<br>CHARLES EDWIN EDWAREDS<br>and<br>HERBERT L. BESKIN, TRUSTEE<br>   Respondents | |

**CREDITOR JOYCE NEWTON EDWARD'S**
**CORRECTED MOTION TO COMPEL DEBTOR TO CONVEY REAL ESTATE AND**
**MOTION FOR RELIEF FROM STAY**

**COMES NOW**, Joyce Newton Edwards ("Ms. Edwards"), by counsel, pursuant to 28 U.S.C. § 362(d), and in support thereof states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (b)(2)(O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

**Parties**

3.      Defendant Charles Edwin Edwards (the "Debtor") is a resident of Dillwyn, Virginia and the Debtor in this bankruptcy case.

4.      Plaintiff Joyce Newton Edwards is a resident of Dillwyn, Virginia, is Debtor's ex-wife, and is the only creditor in this bankruptcy case.

5. Herbert L. Beskin is the duly appointed Chapter 13 Trustee for the bankruptcy estate of Debtor.

**Factual Background**

6. On April 23, 2021, the Debtor and Ms. Edwards were divorced pursuant to the Final Decree entered by Circuit Court of Buckingham County in Joyce Anne Newton Edwards v. Charles Edwin Edwards, Case No. CL18-326 (the "Divorce Decree").

7. The Divorce Decree, in relevant part, ordered Debtor to pay Ms. Edwards $372,274.05 as an equitable distribution payment, $25,000.00 in attorneys' fees, and $600.00 in costs. With respect to the amounts owed, Debtor was to do one of the following by June 16, 2021: (i) make payment in full to Ms. Edwards; (ii) establish a mutually agreeable payment plan with Ms. Edwards through counsel; or (iii) propose to the Court a method to pay the award.

8. The Divorce Decree also allocated 2017 South Constitution Road, Dillwyn, Virginia and 1970 Winfree/Inez, Dillwyn, Virginia to Ms. Edwards and ordered Mr. Edwards to fully cooperate and to execute all deeds and other necessary documents.

9. Finally, the Divorce Decree awarded to Ms. Edwards the spousal benefit from Debtor's railroad pension "[i]n lieu of spousal support," and reserved to her the right to request spousal support upon a showing of change of circumstances. A true and correct copy of the Divorce Decree is attached as **Exhibit 1**.

10. Debtor appealed the Divorce Decree to the Court of Appeals, but the appeal was dismissed on September 24, 2021.

11. On November 15, 2021, counsel for Ms. Edwards in the divorce action sent a letter to Debtor's counsel in the divorce action giving formal notice to Debtor that he had until December 15, 2021, to perform his obligations under the Divorce Decree, or Ms. Edwards would

take necessary legal action. A true and correct copy of the demand letter is attached as **Exhibit 2**.

12. Prior to filing this bankruptcy proceeding, Debtor did not respond to Ms. Edwards' attorney's letter, nor did he make a single payment to Ms. Edwards toward the equitable distribution obligation, attorneys' fees, or costs.

13. Debtor also failed to fully cooperate and to execute all deeds and other necessary documents to transfer title to 2017 South Constitution Road, Dillwyn, Virginia and 1970 Winfree/Inez, Dillwyn, Virginia to Ms. Edwards.

14. Debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code on December 10, 2021, in the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division. **Electronic Case File Docket ("ECF") No. 1.**

15. On December 10, 2021, Debtor filed his Chapter 13 Plan (the "Plan"). **ECF No. 5.**

16. On February 3, 2022, Debtor filed his Amended Schedule of Assets. **ECF No. 11.**

17. The Plan lists Ms. Edwards as his only creditor.

18. Parts 1.2 and 1.3 of the Amended Schedule A/B each include the following statement: "Note: Debtor's ex-wife was awarded this real estate in their divorce but the real estate is still deeded to the two of them. As a result of the divorce award to his ex-wife, Debtor has no interest in the real estate." **ECF No. 11 at p. 2.**

19. Therefore, Debtor admits that the 2017 South Constitution Road, Dillwyn, Virginia and 1970 Winfree/Inez, Dillwyn, Virginia were awarded to Ms. Edwards as part of the parties' divorce proceeding.

20. On March 21, 2022, counsel for Ms. Edwards took a 2004 Examination of Debtor and presented Debtor's counsel with deeds to transfer real property awarded to Ms. Edwards as part of the divorce decree (the "Deeds") and a consent order approving the transfer of the real property.

21. Attached hereto as **Exhibit 3** and **Exhibit 4** are copies of the deeds counsel for Ms. Edwards requested Debtor sign.

22. Counsel for Mrs. Edwards had conferred with Debtor's counsel and has been informed that Debtor has declined to execute and deliver the deeds.

23. As of the filing of this motion, Debtor has not executed the deeds and counsel for Debtor has not endorsed the consent order approving transfer of real property – requiring the filing of this motion.

### Relief Requested and the Basis Therefore

24. Ms. Edwards requests an Order compelling Debtor to endorse the Deeds attached hereto as **Exhibit 3** and **Exhibit 4.**

25. Ms. Edwards also seeks relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d), "for cause, including the lack of adequate protection of an interest in property," because the Debtor has failed to fully cooperate and to execute all deeds and other necessary documents to convey 2017 South Constitution Road, Dillwyn, Virginia and 1970 Winfree/Inez, Dillwyn, Virginia to Ms. Edwards.

26. Pursuant to 11 U.S.C. § 523(15), the obligations of Debtor to convey 2017 South Constitution Road, Dillwyn, Virginia and 1970 Winfree/Inez, Dillwyn, Virginia to Ms. Edwards are not dischargeable in bankruptcy.

27. The conveyance of 2017 South Constitution Road, Dillwyn, Virginia and 1970 Winfree/Inez, Dillwyn, Virginia will not prejudice the rights of any creditor because Ms. Edwards is the only creditor in this bankruptcy proceeding.

WHEREFORE, Joyce Newton Edwards respectfully requests that this Court:

A. Enter an Order compelling Debtor to endorse the Deeds attached to this Motion as **Exhibit 3** and **Exhibit 4**;

B. Grant Ms. Edwards relief from the Automatic Stay, permitting her to record the Deeds after Debtor executes and delivers them; and

C. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 18th day of April, 2022.

                                      JOYCE NEWTON EDWARDS
                                    By Counsel


/s/ Nancy R. Schlichting
NANCY R. SCHLICHTING (VSB No. 65909)
SHANNON A. TEMLAK (VSB No. 95427)
Of Flora Pettit PC
530 E. Main Street, P. O. Box 2057
Charlottesville, Virginia 22902
(434) 220-6108
(434) 977-5109 (Fax)
nrs@fplegal.com
sat@fplegal.com
Counsel for Joyce Newton Edwards

## **CERTIFICATE**

I hereby certify that on April 18, 2022, I caused to be served the foregoing Amended Notice of Hearing with the Clerk of the Court using the CM/ECF system, and by mailing a true copy of this pleading addressed to:

Shannon T. Morgan, Esquire
Royer Caramanis, PLC
200-C Garrett Street
Charlottesville, VA  22902
(434) 260.6767
Email: SMorgan@RC.law
*Counsel for Charles Edwin Edwards*

Herbert L. Beskin, Chapter 13 Trustee
P. O. Box 2103
Charlottesville, VA 22902
(434) 817-9913 x 121
Email hbeskin@cvillech13.net

/s/ Nancy R. Schlichting
*Counsel for Joyce Newton Edwards*